(No. 35477.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED CAPON, Plaintiff in Error.

*Opinion filed November 30, 1961.*

ROBERT B. MAHER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Fred Capon, was indicted for armed robbery and robbery. He entered a plea of not guilty, was tried before a jury which found him guilty, and was sentenced to the penitentiary for a term of not less than one year nor more than life. By writ of error, he seeks to reverse the judgment of conviction.

He contends that he was not proved guilty beyond a reasonable doubt because he was not sufficiently identified. He further argues that the court abused its discretion in fixing the upper limit of the sentence at the statutory maximum for the reason that he chose to go to trial rather than plead guilty.

Mary Killean testified that on June 16, 1958, she was employed as a cashier by National Tea Company at 3100 West Peterson, Chicago; that just before closing time a man with a gun informed her that it was a holdup, took $254 which she set on the counter, and left.

For the defense, the defendant's wife and Margaret Poston testified that, at the time of the holdup, the defendant was with them in Indiana.

As to the sufficiency of the identification of defendant,

Mary Killean's testimony reveals that she positively identified the defendant at the trial. She observed that he was wearing different clothes, and described how he was dressed at the store; that he was now wearing glasses but wasn't at the time of the holdup, that he had a slight limp. She further testified that the defendant was in her presence for about three minutes and that all the florescent lights were on. The night of the holdup Mary Killean went to a police station, looked through "mug books" but did not see any photograph of the person who robbed her. Two or three weeks later some detectives came to the store with more photographs but no identification was made. Late in November, the police brought a "couple" of photographs and she identified one photograph as being of the defendant. After the date of the robbery, June 16, 1958, she first saw the defendant on January 6, 1959, in court. The only other testimony relative to identification was that of a police officer who testified that he had seen the defendant walk with a slight limp, although he did not remember which leg, and Helen Caufield who, while testifying for the defense, stated defendant "does not limp a little."

In the recent case of *People* v. *McGee*, 21 Ill.2d 440, we stated "where the conviction of a defendant rests upon identification which is doubtful, vague and uncertain, and which does not produce an abiding conviction of guilt, it will be reversed." Defendant contends that this is the type of identification before us. He argues that late in November the police reduced the odds of identification by bringing only a "couple" of photographs and that the police never trusted Miss Killean with a police lineup identification.

There is no requirement that a defendant be identified at a police lineup. (*People* v. *Schmidt*, 364 Ill. 313, *People* v. *Coli*, 2 Ill.2d 186). As in our case, there was a considerable lapse of time from crime to identification of defendant in the *Coli* case and in the case of *People* v. *Barad*, 362 Ill. 584. Likewise, in both the *Coli* and *Barad* cases the defense

was an alibi, and we held that the lapse of time and alibi defense went only to the weight of the evidence. Here, the defendant was observed for at least three minutes at a close distance in a store with florescent lights. Considering the conditions under which defendant was observed, and considering that her identification was positive, credible, and unshaken on cross-examination, we cannot say that the jury's verdict was against the manifest weight of the evidence or that the identification was doubtful, vague, and uncertain. The defendant's contention that he was identified not by his limp, nor by his description, but by his clothing is not supported by the record.

Naturally, the alibi evidence of the defendant is in conflict with the evidence of the robbery victim. However, a consideration of the whole record reveals that defendant had a fair trial and was proved guilty beyond a reasonable doubt.

Turning to defendant's contention that the court abused its discretion in sentencing him to the statutory maximum because he pleaded not guilty, the record reveals that the court, in pronouncing sentence said "If he had come in and pleaded guilty, it might have been different. All I can do is sentence him in accordance with the statute. You take your chance when you take a jury, one to life in the penitentiary." In other words, the contention is that the punishment was not justified by the circumstances, and the court committed a grave abuse of discretion.

Although the court's choice of language in pronouncing sentence is inappropriate, the penalty was justified, as he had been informed, in aggravation, of defendant's prior convictions. Therefore, it cannot be said that the court abused its discretion in pronouncing a sentence within the statutory limit. *People* v. *Calhoun,* 22 Ill.2d 31.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*