(No. 36200.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OTIS HOPKINS, Plaintiff in Error.

*Opinion filed November 26, 1963.*

EDWARD V. SCOBY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

We have issued a writ of error to review a judgment of the criminal court of Cook County, entered after a bench trial, finding the defendant guilty of the crime of armed robbery and sentencing him to the penitentiary for a term of not less than 5 nor more than 12 years.

The defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Evelyn Ware testified that at about 8:00 o'clock in the morning, in the lobby of her apartment building, she was accosted by a man with a knife. She struggled with him and was cut on the ear and on her hand. She testified, over objection, that the cut on her hand required 18 stitches. During the scuffle a man on the second floor called out and the robber picked up Mrs. Ware's pocketbook and ran out of the building. The robber lost his hat in the scuffle. Mrs. Ware identified the defendant's picture from a group of pictures at the police station and also identified the defendant at a police line-up 8 days later. She also identified the defendant at the trial. After Mrs. Ware was cross-examined by defense counsel the court asked her several questions. The court stated that there was no question as to the robbery and that the whole issue in the case was whether the defendant was the right man and that the court wanted to be sure of that because the charge was a serious one. The court asked her what there was about the defendant which caused her to remember him and she stated that she knew everybody in the building and she naturally paid attention to a stranger in the building at that time of the morning. The court also

asked her about how long she struggled with the defendant and she stated that the struggle lasted for about 3 minutes. The court asked whether anyone else had seen the defendant and she stated that no one else saw the struggle but that after the defendant ran, the gardener who had been working outside and the man who had called out from the second floor also saw the defendant.

The gardener testified that he saw the robber from the side and back but did not see his full face. He could not say definitely that the defendant was the man he had seen. The man from the second floor did not testify. At this point in the trial the prosecutor requested a continuance so as to produce testimony concerning the hat which had been found at the scene and the court remarked that it was easy for a victim to make a mistake on identification and that the court liked to look at some physical evidence or corroboration. The court remarked that he considered that the hat was important evidence. A continuance was granted until the following day. At that time, without objection, Mrs. Ware was recalled as a prosecution witness and identified a hat as the same hat which the defendant had lost at the time of robbery. After cross-examination by defense counsel she testified on redirect examination that she had been present at a prior court hearing where the defendant had pleaded guilty. An objection to this remark was sustained.

A police officer testified that he had taken the hat from the scene of the robbery and delivered it to the crime laboratory. He testified without objection that he learned from the crime laboratory that the hat belonged to Otis Hopkins and he then testified as to the circumstances of the defendant's arrest. On cross-examination he was asked how the crime laboratory had determined that the hat belonged to Hopkins. The prosecutor objected but the court overruled the objection with the remark that the testimony was inadmissible but that since counsel did not object to it originally he had a right to cross-examine. The only testimony by this

officer on that subject was that he had received a written report from the laboratory stating that the hat belonged to Otis Hopkins.

Another officer testified that he was a technician with the crime laboratory and that he had examined the hat. He found numerals and letters in the band of the hat and also found the name "Hopkins". He then turned this information over to another officer, who checked the numerals, which led him to a hat-cleaning establishment. The records of this store showed that the hat had been brought in more than a year before the trial by a man named Hopkins, whose address was also contained in the cleaner's records. The officer checked his files and found a record of an Otis Hopkins, at this address. This information led to the defendant's arrest.

For the defense the defendant's father testified that on the day in question the defendant had been home until after 8:30 in the morning and the defendant's brother testified that the defendant stayed home until about 9:30 that morning. Both the father and the brother testified that they had never seen the hat.

We think it is clear that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of the victim, who had ample opportunity to observe the defendant during the course of her struggle with him, was corroborated by evidence that the hat which had been lost at the scene of the robbery belonged to a man named Hopkins who lived at the defendant's address. The trial judge stated that he believed the testimony of the victim rather than the alibi testimony offered by the defendant's father and brother and we shall not disturb his finding.

In addition to the defendant's contention that the evidence was insufficient to establish his guilt, several other errors are assigned. The defendant contends that his right to trial by jury was not properly safeguarded. The records

show that the trial judge fully advised the defendant of his right to a jury trial and then asked the defendant whether he wanted to waive a jury. The defendant asked if he could speak to his attorney and the court replied, "Surely. Sign a jury waiver." The defendant again inquired whether he could speak to his attorney for a few minutes before the trial started and the attorney told the defendant that he could talk to him for a moment if the defendant had something that he thought was material. The court told the defendant and his attorney to step to the back of the courtroom and defense counsel asked the defendant to sign a jury waiver first and a waiver was then signed by the defendant. The records show that the defendant signed the waiver after being advised of his rights and at the request of his attorney, and in our opinion he defendant's contention that his right to trial by jury was not properly safeguarded cannot be sustained.

The defendant next argues that the trial court improperly admitted evidence of the defendant's prior plea of guilty, which had been withdrawn. The record shows that the trial court sustained an objection to this testimony and the situation here is practically identical to that in *People* v. *Hawkins,* 27 Ill.2d 339, where we held that in a trial before the court without a jury no prejudice resulted when a police officer testified to a prior plea of guilty and an objection was sustained.

The defendant also contends that the trial judge acted improperly in questioning the complaining witness. While it is improper for a trial judge to assume the role of an advocate, a trial judge has the right to question witnesses in order to elicit the truth, and the propriety of such examination must be determined by the circumstances of each case and rests largely in the discretion of the trial court. (*People* v. *Palmer,* 27 Ill.2d 311.) Counsel concedes and the record shows that the judge's inquiries were made to clarify and fill in certain gaps in the testimony of the complaining wit-

ness. In our opinion the examination by the trial judge was proper.

The defendant also complains of the fact that certain witnesses testified at the trial whose names had not been endorsed on the indictment. No objection was interposed at the trial to the testimony of these witnesses and the contention now advanced is not open for consideration on review. Furthermore, it is established that it is within the discretion of the court to allow a witness to testify, even though his name is not on the list of witnesses furnished to the defendant, and that discretion will not be reviewed unless it appears that the defendant has sustained the burden of showing surprise or prejudice. (*People v. LaCoco,* 406 Ill. 303.) No such showing has been made here.

The defendant contends that the defendant was prejudiced by the testimony of the complaining witness that the cut on her hand required 18 stitches. Proof of force is essential to establish the crime of robbery and in our opinion the testimony as to the extent of the injuries which the victim sustained in her struggle with the defendant was properly admitted and was not prejudicial to the defendant.

The defendant also urges that he was prejudiced by reason of the fact that the complaining witness was recalled for further examination after the continuance. The defendant did not object to any further examination of the witness at the time of the trial and the contention now advanced will not be considered here.

The final argument advanced by the defendant is that an excessive sentence was imposed by the trial judge as a penalty for the defendant's failure to plead guilty. At the hearing in aggravation it was established that the defendant had previously been convicted on two charges of armed robbery and one charge of attempted burglary. The State recommended a sentence of not less than 5 nor more than 15 years because of the defendant's previous record. Defense counsel stated that he had no evidence in mitigation but he

thought the sentence recommended by the State was a bit severe and asked the court to exercise leniency and mercy. The court then replied, "Well, the difficulty with giving leniency here is if the defendant would have come in and plead guilty and thrown himself on the mercy of the court, that is one thing. But where a man stands trial and the evidence convinces the court that the man is clearly guilty  *  *  *." The defendant argues that the remark of the trial judge indicated that a lesser sentence might have been imposed if the defendant had pleaded guilty and that in effect the defendant was being punished for exercising his right to stand trial. In *People* v. *Moriarty,* 25 Ill.2d 565, we reversed a judgment where the remarks of the trial judge clearly indicated that he was imposing an additional 9-year sentence as punishment for the defendant's failure to plead guilty. In the *Moriarty* case we cited with approval *People* v. *Capon,* 23 Ill.2d 254, where we affirmed a judgment of conviction where the same contention has been advanced by the defendant. In *Capon,* the remarks of the trial judge were, "If he had come in and pleaded guilty it might have been different. All I can do is sentence him in accordance with the statute. You take your chance when you take a jury, one to life in the penitentiary." In that case we remarked that the court's choice of language was inappropriate but pointed out that the penalty was justified in view of the testimony in aggravation showing the defendant's prior conviction. The remarks of the trial judge in the present case, while also inappropriate, are practically identical with the remarks in *Capon.* In the present case the court sentenced the defendant to a term of not less than 5 nor more than 12 years, which was less than the prosecutor had recommended. In our opinion the remarks of the trial court were not of such a nature as to require reversal of the judgment of conviction.

We find from a review of the record and the briefs of the parties that the defendant's guilt was established beyond

a reasonable doubt and that no prejudicial error occurred in the defendant's trial. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*