**People of the State of Illinois, Plaintiff-Appellee, v. George Williams, Defendant-Appellant.**

**Gen. No. 49,985.**

First District, Second Division.

June 21, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and

James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty by a jury of burglary and theft and was sentenced to 15 to 25 years in the penitentiary. He appeals.

On the evening of January 4, 1963, Father Richard Todd was returning to his room in the rectory of St. Francis of Assisi Catholic Church when he noticed the light on in a small hallway off the main hallway leading to the pastor's room and the door to that room slightly ajar. Father Todd stated that he thought this was unusual, for the reason that the small hallway light is seldom, if ever, left on, but that he continued to his own room where he changed clothes. On his return he noticed the hallway light was off and that the door to the pastor's room was still ajar. He became curious, pushed the door open and found a man, whom he later identified as defendant, standing in the room with a knife. The man backed Father Todd into the well-lighted main hallway, maintaining a short distance from him and threatening him with the knife. The man fled down the fire escape into an alley while Father Todd went down the front stairs to summon help. In the street Father Todd again had a look at the man as the latter passed out of the alley under a street light. After pursuing the man a short distance, Father Todd returned to the rectory and called the police. He then returned to the street where he met a motorcycle policeman to whom he gave a description of the man. Another description was given later that evening to the officers who investigated the

incident in response to Father Todd's telephone call. A search was made, and it was discovered that collection envelopes had been torn open and some $1,200 in collection money stolen from the pastor's room, as well as a small amount of money stolen from Father Todd's room.

On January 10th, Father Todd, in the presence of Detective Stanley Zyskowski, viewed photographs and identified the defendant as the burglar. The following day, Father Todd picked defendant out of a lineup at police headquarters and gave a formal statement in defendant's presence that defendant was the burglar.

Defendant filed a pretrial motion to examine his police record file in order to determine whether the descriptions given to either of the first two police officers by Father Todd had been reduced to writing. The motion was denied. The motion was thereafter renewed on two separate occasions during the cross-examination of Father Todd. The court stated that he would examine the police file at a later time to determine if such written descriptions were available, and denied defendant's motions on the representation of the Assistant State's Attorney that Father Todd signed only one statement, which had been admitted into evidence. It does not appear that the trial court either inspected the file or determined whether such written descriptions were available.

Detective Zyskowski, the officer assigned to investigate the case, was present when Father Todd examined the photographs and when he picked defendant out of the lineup. On his cross-examination, the detective stated that he originally obtained a description of the burglar from another report. When asked whether he had the latter report in his possession, the detective stated: "This is on another church burglary, in the same reference where the priest was attacked and accosted by George Williams." Defendant moved to declare a mistrial, the motion was denied, and the court ruled that

the detective's reply be stricken from the record. The detective also testified on redirect examination that he had previously seen defendant "in pictures and his record, his police record." Again, defendant moved to declare a mistrial, but the motion was denied.

It appears from the record that after two photographs of defendant, bearing the legend "Jackson State Prison," were shown to Father Todd on direct examination, the Assistant State's Attorney exhibited them to the jury. The photographs were later allowed to go to the jury, but the legend which had previously appeared thereon was covered over.

The defendant did not take the stand as a witness in his own behalf.

Defendant advances three grounds on this appeal for reversal, namely, that the trial court erred in refusing defendant's motions for access to the police file, that the trial court improperly denied his motions for a mistrial after Detective Zyskowski testified to the other unrelated burglary charge and to defendant's prior police record, and that defendant was prejudiced by the actions of the Assistant State's Attorney in exhibiting defendant's prior prison photographs to the jury bearing the legend "Jackson State Prison." A fourth point was raised in defendant's brief, that the indictment was fatally defective in that it lacked allegations relating to the place of the offense and the statutory provisions allegedly violated, but this ground was waived in oral argument by reason of recent Supreme and Appellate Court decisions. We agree with the grounds advanced by defendant for reversal.

 It is well settled that the defendant has the right to make a demand upon the State for the production of statements which are in the State's possession. People v. Wolff, 19 Ill2d 318, 167 NE2d 197. If the prosecution claims the statement is privileged, irrelevant or incompetent, it is the duty of the trial court

100

to examine the statement to determine whether such claims are justified. If the statement is relevant, competent and not privileged, the court must order the statement to be delivered to the defendant, who alone is qualified to determine whether it has value for impeachment purposes. People v. Wolff, 19 Ill2d 318, 167 NE 2d 197; People v. Beard, 67 Ill App2d 83, 89, 214 NE 2d 577. Defendant here requested the description statements from the police file for the purpose of determining whether they contained matters inconsistent with the description given later by Father Todd, the sole identification witness. It was then the duty of the trial court to examine the file to determine whether such statements existed; if such statements were in existence the trial court should have delivered them to defendant for his determination whether they had value for impeachment purposes. People v. Wolff, 19 Ill2d 318, 167 NE2d 197. However, the trial court in no way indicated whether such writings existed and it was therefore error to deny defendant's motions at that time. The State maintains that defendant's motion was untimely for the reason that it was made before trial. However, the motion was renewed twice on cross-examination of Father Todd and was therefore timely made. See People v. Wolff, 19 Ill2d 318, 167 NE2d 197. The State further maintains that the statements must be signed in order to be used for impeachment purposes. This position also appears to be the basis of the trial court's ruling on the motions. However, if a statement is desired to be used for impeachment, it is not necessary that it be signed, but should be in the witness' own words or substantially verbatim. People v. Jolliff, 31 Ill2d 462, 466, 202 NE2d 506; People v. Neiman, 30 Ill2d 393, 397, 197 NE2d 8.

██ ██ Defendant further contends that the trial court erred in failing to declare a mistrial due to the testimony of Detective Zyskowski concerning defendant's

prior criminal and police records. It is well settled that the only use which can be made of a prior criminal record at trial is for the purpose of affecting the credibility of the witness and must be brought out by a properly authenticated record of the conviction. People v. Flynn, 8 Ill2d 116, 121, 133 NE2d 257. Defendant here did not take the witness stand and therefore the statements of the police officer were clearly prejudicial. Their only effect was to convey to the jury the impression that the defendant had criminal tendencies and was likely to commit a crime such as that for which he was being tried. People v. Polenik, 407 Ill 337, 345, 95 NE2d 414. See also People v. Bennett, 413 Ill 601, 605, 110 NE 2d 175, and People v. Schultz, 260 Ill 35, 42, 102 NE 1045. The statements of the detective were clearly without evidentiary value and served only to prejudice the defendant in the eyes of the jury.

 The final point raised by defendant concerns the photographs which were exhibited to the jury bearing the legend "Jackson State Prison." The legend served to show that defendant was convicted of a crime in the past, and therefore could be used only to affect his credibility as a witness. People v. Lewis, 25 Ill2d 396, 400, 185 NE2d 168; People v. Polenik, 407 Ill 337, 95 NE 2d 414. Defendant, however, did not take the witness stand, and the legend on the photographs again served only to prejudice defendant in the eyes of the jury.

The judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

BRYANT, P. J., and LYONS, J., concur.