THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD CHERRY, Defendant-Appellant.

(No. 70-26;

Fifth District—February 19, 1971.

MORAN, J., dissenting.

Morton Zwick, Director, Defender Project, of Chicago, (John F. McNichols, Interim District Defender, of Defender Project, of Springfield, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment of conviction based on a jury verdict of guilty on a charge of armed robbery and the imposition of a sentence of 20 to 30 years in the penitentiary.

During the trial the defense attorney in cross examination of a police officer inquired if the police officer had ever seen the defendant Cherry since the time of the alleged offense, to which the police officer responded "Yes sir, he was brought to the station one other time". Defense counsel objected and the objection was overruled. Thereupon, out of the presence of the jury, defense counsel moved for a mistrial, urging that the answer gave the jury the impression that defendant had a criminal

record, which could not be erased by instruction to the jury to disregard the last part of the answer. The request for a mistrial was denied and the jury was not instructed to disregard the last part of the answer.

Here, defendant urges that the testimony objected to was of no probative value concerning guilt or innocence and its only purpose was to indicate that defendant had subsequently been taken into custody and to plant a seed of suspicion in the minds of the jury that defendant was involved in other criminal activity; that the prejudicial statement was allowed to stand intact and the court's overruling the objection added weight to the inadmissable evidence.

In support of his contention defendant relies upon *People v. Colston*, 81 Ill.App.2d 75, 255 N.E.2d 801 and *People v. Williams*, 72 Ill.App.2d 96, 218 N.E.2d 771. In *Colston*, in response to the prosecutor's inquiry of a police officer as to where he had obtained an address, the officer responded, "From the Illinois State Parole Office". The court held the answer to be obviously prejudicial to the defendant who did not testify, and who therefore did not open up the question of his prior criminal record as it would relate to his credibility as a witness, and considered it to be sufficient grounds for reversal.

In *Williams*, a police officer, on cross examination stated that he had obtained a description of the alleged burglar from another report; when asked whether he had the latter report in his possession, he answered, "This is on another church burglary, in the same reference where the priest was attacked and accosted by George Williams". A motion for mistrial was denied and the officer's reply was stricken from the record. On redirect the officer testified that he had previously seen defendant "in pictures and his record, his police record". At this point another motion for mistrial was denied. It is also pointed out that pictures of defendant bearing the legend "Jackson State Prison" were exhibited to the jury, although when they were allowed to go to the jury, the legend was covered over. In holding that the effect of the officer's statments was to convey to the jury the impression that the defendant had criminal tendencies, the Court pointed out that the defendant did not take the witness stand and therefore the statements of the officer were clearly prejudicial.

■■ In the present case, we have an isolated instance of a remark by a police officer, which may or may not have been intentionally made with intention to influence the jury. The statement was not elaborated upon and a reading of the record does not disclose an effort by the prosecution to exploit the statement nor an effort to create an image of defendant as a "police character" or one with criminal tendencies who was likely to

commit the crime with which he was charged. Here, unlike *Colston* and *Williams,* defendant took the witness stand, and the jury had an opportunity to form a first hand independent impression of defendant, as well as determine the credibility of all the witnesses. A reading of the record satisfies us that there was ample competent evidence to support the jury's finding of guilt beyond a reasonable doubt; and that the statement coupled with the error of failure to strike and direct the jury to disregard, did not contribute to the finding of guilty. Under such circumstances the error is considered harmless, and not requiring reversal. *People v. Smith,* 38 Ill.2d 13, 230 N.E.2d 188.

The defendant was tried on an indictment which alleged that 5, namely Gilbert, Holten, Ashford, Dillard and this defendant, Cherry, committed an armed robbery. The trial transcript indicates that defendants Dillard, Gilbert and Cherry entered a motel office while armed and committed the robbery of a night clerk and defendants Holten and Ashford waited outside in an automobile. Dispositions of these cases were:

Dillard left the jurisdiction, his bond was declared forfeited and a warrant was issued for his arrest. The charge against Holten was reduced to robbery and after a plea of guilty he was placed on probation for 3 years without any incarceration. The charge against Ashford was dismissed on motion of the State's Attorney. Gilbert changed his plea from guilty to not guilty, the prosecution recommended a sentence of 3 to 8 years, the court was advised that Gilbert had no previous record and that Gilbert waived a hearing in aggravation and mitigation. During the court's admonishment prior to accepting the plea, the trial judge advised Gilbert that if he had a trial by jury he might be acquitted and "If you are found guilty there may be a more severe sentence imposed". The court then imposed a 3 to 8 year sentence on the 22 year old defendant Gilbert, and the State dismissed a pending rape charge against Gilbert.

Defendant Cherry, 23 years of age, was tried by a jury and found guilty. A hearing in aggravation and mitigation was held wherein it was shown that defendant was on probation on a conviction of "unlawful use of a weapon" in a magistrate's court. The probation officer furnishing this evidence in aggravation knew none of the circumstances concerning that conviction, except that defendant owed a part of the fine imposed as a condition of that probation. The court struck the probation officer's testimony and stated that it would not be considered as a part of the case. The prosecutor then recommended a 6 to 10 year sentence. The court sentenced defendant 20 to 30 years. Upon defense counsel calling the court's attention to Gilbert's being sentenced 3 to 8 years and appearing to be the principal defendant and Cherry's sentence being

much greater the court stated, "He was tried before a jury and he was running around with a gun".

■■ Defendant contends that a heavier sentence was imposed upon him because he exercised his constitutional right to a jury trial and points to the foregoing statements of court and proceedings in support of such contention. Where it is evident that the punishment imposed by the trial judge was in part by reason that the defendant availed himself of his right to a jury trial and only in part for the alleged crime judgment should be reversed and remanded. (*People v. Mariarity,* 25 Ill.2d 565, 185 N.E.2d 688.) The court's choice of language in admonishing Gilbert and in commenting on Cherry's sentence was inappropriate, and suggests that failure to plead guilty may have contributed to the severity of the sentence; it is not so explicit as the language of the trial court in *People v. Moriarity, supra,* where the conviction was reversed and remanded, nor as in *People v. Capon,* 23 Ill.2d 254, 178 N.E.2d 296, where the conviction was affirmed as a result of evidence in aggravation.

Here the court heard all the details of the offense when they were presented to the jury. Section 1—7(g) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(9) specifically requires the court, after conviction, to consider the evidence received during the trial in aggravation and mitigation. Here it is not of such nature as to mitigate. The comparison of the conduct and background of defendant and Gilbert, would not require that identical or nearly identical sentences be imposed by a court which is allowed a wide discretion in sentencing, within the statutory limitations.

We are aware of the admonitions of *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673 in cases where it is contended that the punishment is execessive though within the prescribed limits. In *People v. Lillie,* 79 Ill.App.2d 174, 178, 223 N.E.2d 716, we set out the purposes of sentencing and pointed out reasons for reductions of excessive minimums.

■■ In our opinion the record does not warrant imposition of the 20 to 30 year sentence. The 6-year minimum recommended by the prosecution is adequate and will better achieve the purpose. As we quoted in *Lillie, supra,* "Society now is entitled to some protection without depriving the defendant of a reasonable opportunity to rehabilitate and return to society if he cares so to do". While we cannot predict with accuracy the progress of this defendant's rehabilitation, we do not consider a maximum of 30 years as proper, nor do we agree that 10 years as recommended is adequate. See *Abernathy v. People,* 123 Ill.App.2d 263, 259 N.E.2d 363.

For the reasons set forth we affirm the conviction and modify the judgment and sentence to provide that the sentence imposed on defend-

970

ant be confinement in the penitentiary for a term of not less than 6 nor more than 18 years, and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.

HUNT, J., concurs.

Mr. JUSTICE MORAN, dissenting:

The record in this case clearly discloses that the severe punishment of twenty to thirty years in the penitentiary imposed by the trial judge was because defendant Cherry availed himself of his right to a jury trial.

Defendant Gilbert, whose part in the robbery was just as bad if not worse than defendant Cherry's, received a three to eight year sentence upon his plea of guilty and a pending rape charge against him was dismissed. Defendant Cherry who had no prior felony convictions on his record and who availed himself of his right to a jury trial, now receives a reduced sentence of six to eighteen years from this court.

Under the circumstances of this case, this court should have reduced the defendant Cherry's sentence to the same as that of the co-defendant Gilbert. *People v. Jones*, 118 Ill.App.2d 189.

The majority opinion in this case will have a chilling effect on many charged with crime who may wish to exercise their right to a jury trial.