THE PEOPLE OF STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE NELSON, Defendant-Appellant.

(No. 56429;

First District (4th Division)—May 16, 1973.

James J. Doherty, Public Defender, of Chicago, (Ronald P. Katz, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Patrick J. McNally, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Clarence Nelson, was found guilty of armed robbery after a jury trial and sentenced to a term of 5 to 20 years in the penitentiary.

On appeal, defendant contends that (1) the prosecutor committed prejudicial error when he elicited testimony of another offense, and (2) the sentence imposed was excessive.

The complaining witness, Sheila Elcock, testified that at about 9 P.M. on January 19, 1970, she entered the vestibule of her apartment building at 307 S. Kilpatrick. A man (the co-defendant who was not tried with the defendant, Clarence Nelson) entered the vestibule armed with a pistol and demanded her money. She threw her purse and satchel to him, and he rifled through them. At this time, the defendant Nelson appeared. He came toward the victim and took the pistol from the other man. Nelson grabbed the victim by the neck, took away her fur coat and hat and began to search her. She said he ripped away her dress and searched her bra and girdle for more money. Then he handed the pistol back to the other man, took the victim's hat and coat out of the building and returned quickly. When Nelson came back, he again took the pistol and demanded Mrs. Elcock's apartment keys. When she did not give them to him, he grabbed her by the neck and choked her. Nelson had his hand to her throat and the pistol to her head when two policemen came into the vestibule. Mrs. Elcock testified that she had about $15 in her purse at the time of the robbery.

Officers Cornell Brooks and Curtis Baker testified that they received a call of a rape in progress at 307 S. Kilpatrick. When they arrived, they observed the two defendants in a hallway with a lady. Nelson had his

arm around Mrs. Elcock's neck. When the officers walked into the hall-way, Mrs. Elcock screamed that she had been robbed. At this time, Officer Brooks observed the defendant putting something in his pocket and Mrs. Elcock said that he had a gun. The officers arrested the defendant and found a .22 caliber revolver in his right pocket. They also recovered about $15, and a coat and hat belonging to Mrs. Elcock.

The defendant, Clarence Nelson, took the stand in his own defense. He stated that on the occasion in question, he went to 307 S. Kilpatrick with Carlos Smith for the purpose of visiting two young ladies who lived in the area. When they entered the vestibule, the defendant noticed a lady in the corner picking up the contents of her purse. The defendant told Smith that they better leave because he had a pistol in his pocket. Before they could leave, the police arrived.

The defendant first contends that the trial court erred in allowing the prosecutor to elicit testimony of another offense committed by the defendant. On direct examination of Officer Brooks, the following colloquy occurred:

"Q. Was anything recovered from the two individuals you placed under arrest?

A. Yes, there was some identification, I believe that was recovered from the two defendants belonging to another victim.

Q. Anything else?

A. And money was recovered from them."

The defendant argues that the reference to "another victim" prejudiced his case.

■■ We note first that no objection was made at trial to the officer's answer, nor was a motion to strike made or an instruction directing the jury to disregard requested. Thus the defendant has waived his right to raise this issue on appeal. *People v. Trefonas*, 9 Ill.2d 92, 98, 136 N.E.2d 817, 820; *People v. Karatz*, 365 Ill. 255, 259, 5 N.E.2d 842, 844.

■■ Even if the defendant had not waived the issue, however, the reference to "another victim" could not have affected the jury's verdict. The testimony of the complaining witness and of the arresting officers was so overwhelming as to preclude any possibility of prejudice to the defendant. As our Supreme Court has stated, "It is not our policy to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error." *People v. Tranowski*, 20 Ill.2d 11, 17, 169 N.E.2d 347, 350.

In *People v. Cherry*, 130 Ill.App.2d 965, 267 N.E.2d 744, *cert. denied*, 406 U.S. 962, a police officer testified that the defendant had been "brought to the police station one other time." The trial court overruled

the defense objection, and the jury was not instructed to disregard the testimony. The appellate court affirmed the conviction, emphasizing that the statement was an isolated remark and that the prosecutor made no effort to capitalize upon it, or to create an image of the defendant as having criminal tendencies. The court also noted that the defendant took the witness stand, and that the jury had an opportunity to form a first-hand impression of him. The court concluded that since there was ample competent evidence to support the jury verdict, the admission of the statement constituted harmless error. For the same reasons, we think the admission of the words "another victim" in the instant case was not so prejudicial to the defendant as to require a reversal.

The defendant also contends that the sentence of 5 to 20 years was excessive. He argues that he was only 27 years old and had no prior felony convictions. We note that the statutory penalty for armed robbery at the time of sentencing was an indeterminate term of not less than 2 years. Ill. Rev. Stat. 1967, ch. 38, par. 18.2.

■■ Our supreme court recently stated in *People v. Burbank*, 53 Ill.2d 261, 275, 291 N.E.2d 161.

"The imposition of a sentence is a matter of judicial discretion and the sentence imposed by the trial court should not be altered by a reviewing court unless it is apparent that the judge abused his discretion. [Citation.] We have often stated that the trial court is normally in a better position during the trial and the hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts on review."

■■ In the instant case, the trial court, prior to sentencing, noted, "I have never seen a more overwhelming case in all my life. I have been around the criminal courts a long time and I have never seen a more overwhelming case in all my life. All I have to say is that at one point if those police officers hadn't come around I think we would have had a dead woman here or a woman that would have been raped or something else."

The defendant argues that this statement shows that the trial judge considered improper factors when sentencing the defendant. We disagree. The evidence reveals that the defendant, during the course of the robbery, grabbed his victim by the neck and ripped away her clothing. He demanded her apartment keys and when she did not give them to him, he grabbed her by the neck and choked her. We think the trial judge properly considered the violent nature of the crime in sentencing the defendant. It also appears from the hearing on aggravation and mitigation that the defendant had three prior misdemeanor convictions—

two for criminal trespass to an automobile and one for petty theft. Under these circumstances, we do not think the court erred in sentencing the defendant to 5 to 20 years in the penitentiary.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.