THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE YOUNG, Defendant-Appellant.

(No. 58527;

First District (3rd Division)—June 6, 1974.

Paul Bradley, Robert E. Davison, and Al Weiderer, of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John Brennan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a trial without a jury the defendant George Young was convicted of burglary and was sentenced to a term of 3 to 9 years in the penitentiary. He appeals his conviction on three grounds: he was not proven guilty beyond a reasonable doubt; his sentence was increased because he exercised his right to a trial, and the punishment imposed on him was excessive.

Young was arrested less than two blocks away from the Chicago home of Lee and Alberta Lewis, which had just been burglarized. Fred Saunders, a next-door neighbor of the Lewises, testified at the trial that about 3:30 P.M., he heard a burglar alarm from the Lewis house and went to investigate. On the way he met Mrs. Jessie Evans, another neighbor, who had also heard the alarm. They noticed that the back door of the Lewis home was open and a basement window was broken. They entered the house and saw Young and a woman identified as Eva Davis coming down the stairs from the second floor with clothes in their arms. When Young and Davis saw Saunders and Mrs. Evans, they dropped the clothing and ran out the front door to a car which was parked in front of the residence. They could not start the car and they got out and ran down an alley. Saunders flagged down a police car which was responding to the burglar alarm and told the policemen what he had seen. He got into the car and the police drove around the block to the other end of the alley. Saunders identified Young and Davis as they came out of the alley and the police arrested them.

Jessie Evans also testified that she saw Young and Davis inside the Lewis home and watched them run away. She continued to watch them until they were arrested at the end of the alley. Jeffrey Williams testified that on the day of the burglary, as he stood across the street from the Lewis residence talking to a friend, he saw Young sitting in a car parked in front of the Lewis home. One of the arresting officers testified that

he saw Young throw a bag onto a lawn adjoining the alley. He recovered the bag and found a crowbar inside.

Young did not testify at the trial. However, Eva Davis testified that he was not the man with whom she committed the burglary. She said that Young saw her running in the alley and joined her, and that it was she who threw away the bag containing the crowbar.

■■ The defendant's assertion that the evidence did not support his conviction is without merit. Two witnesses saw him in the act of burglarizing the Lewis home. One watched him from that time until his arrest minutes later; the other accompanied the police and identified him soon after the crime had occurred. That their testimony lacked details about the clothing he wore does not detract from their unimpeached testimony and positive identifications.

At a pre-trial conference, the possibility of a guilty plea was discussed. Young, who had a long criminal record, was told that if he were to plead guilty his sentence would be 2 to 5 years. He contends that the 3- to 9-year sentence he did receive was punishment for exercising his right to a trial and that statements made by the court confirmed this.

The first sentence imposed on Young after the hearing in aggravation and mitigation was a term of 4 to 12 years in the penitentiary. In pronouncing this sentence, the court stated:

> "I might add that I have increased the sentence that I said that I would impose upon you in this matter. This matter was conferenced and the primary reason for increasing it is because I feel the evidence clearly shows you are guilty. Furthermore, the court does not appreciate your bringing into this Court a young woman, Miss Davis, and having her perjure herself under oath in an attempt to take you out from under your legal obligation. So I have seen fit to add two years to the minimum sentence that I said I would give you when the matter was conferenced * * *."

The court was told by defense counsel that Miss Davis did not testify at the defendant's request but at his own. After hearing this explanation the court re-sentenced Young to three to nine years. The court stated, "You shot the dice and they just came up craps. I have no inclination to give you the same thing had you chose to throw yourself on the mercy of the Court. I will add one year * * *."

In *People v. Moriarty* (1962), 25 Ill.2d 565, 567, 185 N.E.2d 688, the court reversed the conviction of a defendant who had been given a higher sentence because he had pleaded not guilty rather than guilty. The trial judge had said,

> " "* * * If you'd have come in here, as you should have done in the first instance, to save the State the trouble of calling a jury,

I would probably have sentenced you, as I indicated to you I would have sentenced you, to one to life in the penitentiary. It will cost you 9 years additional, because the sentence now is ten to life in the penitentiary.' "

The reviewing court stated:

"\* \* \* we believe that the court's remarks here make it evident that the punishment imposed by the trial judge was in part for the reason that the defendant had availed himself of his right to a jury trial, and only in part for the crime for which he was indicted. A defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury."

In two other cases, remarks made by the trial judges during sentencing which referred to the defendants' use of a trial were held to be inappropriate, but the court held that the sentences imposed were justified. In *People v. Capon* (1961), 23 Ill.2d 254, 257, 178 N.E.2d 296, the trial judge said in pronouncing sentence, " 'If he had come in and pleaded guilty, it might have been different. All I can do is sentence him in accordance with the statute. You take your chance when you take a jury, one to life in the penitentiary.' " In *People v. Hopkins* (1963), 29 Ill.2d 260, 267, 194 N.E.2d 213, the trial judge responded to a plea for leniency by saying, " 'Well, the difficulty with giving leniency here is if the defendant would have come in and plead guilty and thrown himself on the mercy of the court, that is one thing. But where a man stands trial and the evidence convinces the court that the man is clearly guilty \* \* \*.' "

In *Capon* and *Hopkins* there was no evidence of what the sentences would have been if the defendants had pleaded guilty. In this case, Young was offered a sentence of 2 to 5 years if he pleaded guilty. This was acknowledged by the court, as evidenced by his statements and by his question to the defendant's lawyer, "I said two to five on the plea, did I not?"

■■ Whether a defendant received a heavier sentence because he demanded a trial must be clearly established by the evidence. (*People v. Perry* (1971), 47 Ill.2d 402, 266 N.E.2d 330.) The statements by the court in the present case, like those made by the trial judge in *Moriarty*, leave no doubt that Young's sentence was increased because he went to trial:

"\* \* \* I have increased the sentence that I said that I would impose upon you \* \* \* the primary reason for increasing it is because \* \* \* the evidence clearly shows you are guilty" and, "you shot the dice and they just came up craps. I have no

inclination to give you the same thing had you chose to throw yourself on the mercy of the court."

A secondary reason given for the longer sentence—subornation of the perjury committed by Eva Davis—was withdrawn when the original sentence of 4 to 12 years was vacated. The evidence which the court said clearly showed Young's guilt did not establish his guilt any more than an admission of guilt, through a plea of guilty, would have done. At no time was it contemplated that Young would throw himself "on the mercy of the court." His plea of guilty, if made, would have been accompanied by an agreed sentence of 2 to 5 years.

■■ The trial court raised the minimum sentence offered to the defendant if he pleaded guilty by 1 year and the maximum by 4 years. The evidence of the defendant's guilt was overwhelming and his trial was free of error. There is no reason to reverse the conviction, as was ordered in *Moriarty*. The only mistake was in the sentencing and the explanation given by the court for increasing the punishment from a 2-year minimum to 3, and from a 5-year maximum to 9. The circumstances of this case compel a modification of the sentence to that which was originally offered to the defendant.

The defendant's third contention, excessive punishment, was directed to the sentence of 3 to 9 years and does not have to be considered.

The conviction of the defendant is affirmed but his sentence is reduced to a period of not less than 2 and not more than 5 years in the penitentiary.

Judgment affirmed as modified.

McNAMARA, P. J., and MEJDA, J., concur.