THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARRY LEE RICHARDSON, Defendant-Appellant.

Second District   No. 76-312

Opinion filed April 29, 1977.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Victor V. Sprengelmeyer, State's Attorney, of Galena (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant herein, in a jury trial, was found guilty of criminal trespass to a vehicle and sentenced to 20 days in jail and a $500 fine. In this appeal the defendant contends that the trial court erred in granting the State's motion in limine which prevented the defendant from introducing evidence of an alleged prior inconsistent statement of the complaining witness. The defendant also contends that he was deprived of a fair trial because of the tender of false discovery information to the defense and the failure of the prosecution to correct the error when discovered. Lastly, the defendant contends that the arresting police officer's testimony that the defendant had prior arrests "for burglary and other charges of this nature" was error. We agree with the defendant's contentions and reverse and remand the cause for a new trial.

On the night of January 14, 1976, Dave Edmonds drove his motor vehicle to the Gold Room Tavern in Galena and while sitting at the bar he saw his car moving. He ran out from the bar and called at the driver who was taking his vehicle. He recognized and identified the defendant, Richardson. He called the police and advised them that Richardson had stolen his car. Officer McGuffy of the Galena police department went to the Gold Room Tavern, picked up Edmonds, the complaining witness,

and took him to the sheriff's office where he signed a complaint. Richardson was arrested by McGuffy at 3:40 a.m. and Edmonds car was found .6 of a mile from Richardson's house. Edmonds told the police that he knew Richardson as he had gone to school with him for 8-10 years. At the trial he testified that he knew Richardson and recognized a light blue flat hat that Richardson was wearing at the time he took the car and later noted that at the sheriff's office Richardson was wearing the same hat.

■■ Prior to trial the State's Attorney filed a motion in limine for an order prohibiting the defendant, his attorney or any witness from commenting upon or making reference to any "request" of the complaining witness to withdraw his complaint or to terminate the prosecution. At the outset of the trial this motion was granted. It would appear that it was the defendant's contention that the complaining witness told the defendant that he wished to withdraw his complaint because he was not sure of the identification of the defendant. At the trial the complaining witness did, in fact, testify that he recognized the defendant as the man who had taken his car; he identified the defendant in open court; he testified that he had known him for 8-10 years; that he recognized his long, blond hair and mustache and the hat that he was wearing at the time the car was taken and at the time he was brought to the police station. On cross-examination he further testified that he did not tell the defendant or anyone else that he was not sure of the identification of the defendant. He further testified that he could clearly see the defendant's face and that "I recognized him right away." The motion in limine was clearly error. While it may be true that the complaining witness did not state that he wished to withdraw the complaint because he did not recognize the defendant, nonetheless the effect of granting this motion was to deprive the defendant of a possible defense or the right to attempt to impeach the complaining witness by this alleged prior statement inconsistent with his testimony.

■■ Prior to trial, in response to defendant's motion for discovery, the State's Attorney furnished the defendant with the police report involving the incident herein, indicating that whatever statement was made by the complaining witness was included in the police report. In the police report we find the statement of Officer McGuffy that:

"When Mr. Edmonds advised Sgt. Renner and myself that Barry Richardson had stolen his car, we asked him if he knew for sure that it was Barry Richardson. Mr. Edmonds advised that he has known Mr. Richardson for years since he had went to school with him. Also, he had seen Mr. Richardson earlier in the evening and knew what attire he was wearing that evening. Mr. Richardson has long blond hair and moustache and was wearing a light-colored cap."

Officer McGuffy testified relative to the police report that he had advised the State's Attorney about an hour before trial that the statement which indicated that Edmonds had seen the defendant earlier in the evening was incorrect and that the report should have read that "also *I* had seen Mr. Richardson earlier in the evening and knew what attire he was wearing that evening." This may well be a reasonable explanation by Officer McGuffy of an error in the report. However, the fact remains that the State's Attorney apparently knew about the error and made no attempt whatsoever to disclose it to the defense counsel or the court. Instead, the State's Attorney remained silent while the complaining witness, in his cross-examination, indicated that he had not, in fact, seen the defendant earlier in the evening. The State's Attorney then put the officer on the stand and did not disclose the alleged error during the direct examination but left it to be brought out on cross-examination by defense counsel. We note first of all that it was the State's duty to insure a proper flow of information between itself and the investigative personnel involved in the case (Ill. Rev. Stat. 1975, ch. 110A, par. 412(f)), and that it was further the State's duty to disclose any additional material or information which came to its attention promptly. (Ill. Rev. Stat. 1975, ch. 110A, par. 415(b); *People v. Shegog* (1976), 37 Ill. App. 3d 615, 346 N.E.2d 208.) We find that the failure of the State's Attorney to notify either the defense or the court of the erroneous information contained in the police report after he had notice of the mistake constituted error on the part of the State.

■■ Additionally, we note that the State's Attorney attempted twice to introduce the police report containing the apparently erroneous information into evidence. It is basic that a police report, per se, is not admissible in a civil trial nor should it be admissible in a criminal trial. As pointed out in *Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 763, 279 N.E.2d 186, 187:

> "Generally police reports are not admissible into evidence and the mere attempt to introduce them may be considered reversible error."

The second time the State's Attorney attempted to introduce the police report he did so in the presence of the jury. Defense counsel objected and the trial court advised the jury that "I don't want you to think that either side is trying to hide something." The basis of defense counsel's objection to the admission of the police report was that the same contained hearsay information. As indicated above, ordinarily police reports are not admissible in a civil case and we feel the reason for the rule is stronger in a criminal case. It is interesting to note that while the statement was not given to the jury, the jury must have been influenced by the same as, during their deliberation, they requested that the police report be submitted to them. We therefore find the attempt of the State's Attorney

to introduce this police report into evidence before the jury, notwithstanding the cautionary comment of the court, also constituted error on the part of the State.

■■ We turn then to the testimony of Officer McGuffy elicited by defense counsel, to-wit:

"I have been up to the residence several times to arrest Mr. Richardson for other charges, burglary and charges of this nature and this is where—this is the residence I went to."

Defendant moved for a mistrial on this issue which was denied by the court. A similar situation arose in *People v. Curry* (1975), 25 Ill. App. 3d 637, 323 N.E.2d 778. In that case defense counsel asked a police officer on cross-examination if he knew the defendant as a member of a street gang known as the Rangers and the officer replied,

"I did because we had two rape warrants out for him with a gang-related incident at the time of the shooting."

The court held:

"It is fundamental that, as a general rule and subject to exceptions not applicable here, evidence which tends to show that an accused has committed crimes or acts of misconduct which are distinct and entirely unrelated to the one for which he is being tried is both incompetent and prejudicial. [Citation.] We believe that the testimony in the instant case, which was volunteered by an experienced police officer, clearly indicated to the jurors that the defendant was wanted for the heinous crime of rape, and unfairly burdened the defendant with the risk that he would be viewed as a person with other criminal tendencies and that this would affect the jurors' decision regarding his guilt or innocence of the contested charge before them." (25 Ill. App. 3d 637, 640, 323 N.E.2d 778, 780.)

The court in *Curry* further noted that the error was compounded when the trial court denied a motion to strike the reference to other related crimes. In the case before us the trial court in denying the motion for a mistrial because of this error likewise failed to admonish the jury to disregard a reference to other crimes. A similar case is found in *People v. Williams* (1966), 72 Ill. App. 2d 96, 218 N.E.2d 771. In *Williams* the investigating officer was cross-examined by the defense counsel and the officer volunteered the information that, "This is on another church burglary, in the same reference where the priest was attacked and accosted by George Williams." The court in that case held that "The statements of the detective were clearly without evidentiary value and served only to prejudice the defendant in the eyes of the jury." 72 Ill. App. 2d 96, 102, 218 N.E.2d 771, 774.

Because of the culmination of all of the above errors, we find that the

defendant herein was not afforded a fair trial. We feel sure that these errors will not be committed in a new trial. We therefore reverse and remand for a new trial.

Reverse and remand.

RECHENMACHER, P. J., and NASH, J., concur.