THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBIN TURNER, Defendant-Appellant.

Fourth District    No. 14129

Opinion filed October 3, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant was convicted by a jury of the offense of robbery, a violation of section 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—1). She was sentenced to a term of 30 months' probation with a condition that she pay a $500 fine and restitution in the amount of $25, and spend the final 90 days of probation in the county jail.

■■ Defendant alleges several errors on appeal, almost all of which went without objection at trial. Furthermore, defendant has failed to file any post-trial motion which is necessary to preserve the errors on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) This court has held that when no post-trial motion is filed following a jury trial, the errors are waived on appeal. (*People v. Sparks* (1975), 26 Ill. App. 3d 278, 325 N.E.2d 49.) Error, however, that affects the substantial rights of a defendant is plain error and will be considered on appeal. Ill. Rev. Stat. 1975, ch. 110A, par. 615(a).

Defendant contends, *inter alia*, that she was unfairly prejudiced by the inflammatory and racial remarks made by the prosecutor before the jury. We agree and determine that the error here constituted plain error.

Claude Ratler, a black, and the sole eyewitness to the offense outside of the victim, testified to knowing the defendant prior to the incident and that the defendant was not an assailant of the white victim. In his closing argument, the prosecutor made the following remark regarding Ratler's testimony: "Then when I asked him, he says, 'Well, I thought there was going to be a fight. I thought the two black girls were going to beat up the white girl and that was going to be fun to watch.' I said, 'You just wanted to be a spectator?' He says, 'Yup.' I said, 'You didn't want to help Carol, did you?' He said, 'No.' You were just going to have a good time watching two black girls beat up whitey? Answer, yup, that would have been fun so that's what he did." Ratler had only testified, however, that he was going to be a spectator to a fight between two black girls and the victim. Further, Ratler never answered a question that he was going to have a good time watching the two black girls beat up whitey or that it would be fun to watch.

The prosecutor also stated in response to defense counsel's closing argument: "Sorry, if I used such big words with Claude Ratler like

'spectator' to 'blacky tromp whitey.' Those are awfully big words, I know, but those were words agreed to by the witness and he by his demeanor told you that he was going over to watch this fight just to be a spectator. He was just going to have fun. He enjoyed that. He would enjoy [seeing] two black girls beat up Carol Hardy. In fact, he wasn't too concerned because he turned around and went back when he saw that they were well on their way." The term "blackey tromp whitey" was never placed before the jury until the prosecutor's utterance at that time.

■■ Overall, these remarks, in conjunction with other factual mischaracterizations and racial innuendoes and references indicate an appeal to the passions and prejudice of the jury and an attempt to unfairly affect the credibility of the defense witnesses. These were not isolated instances but constituted a clear attempt to undermine the judicial process. These were apparent attempts to arouse racial fear and animosity and to malign defendant and her witness. The statements of the prosecutor so prejudiced and inflamed the jury against Turner's defense that she was deprived of a fair trial. (*People v. Romero* (1967), 36 Ill. 2d 315, 223 N.E.2d 121.) The prejudicial statements were plain error and may have been and likely were a material factor in the guilty verdict returned by the jury. *People v. Richardson* (1977), 48 Ill. App. 3d 307, 362 N.E.2d 1104; *People v. Young* (1975), 33 Ill. App. 3d 443, 337 N.E.2d 40.

Because of the result reached, we need not confront the other issues raised on appeal. The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

CRAVEN, P. J., and SLATER, J., concur.