**People of the State of Illinois, Plaintiff-Appellee, v. Allen Colston, Defendant-Appellant.**

**Gen. No. 50,679.**

First District, Fourth Division.

March 15, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald Katz, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED

Robbery.

JUDGMENT

Upon a jury verdict finding defendant guilty, the trial court sentenced him to a term of four to ten years.

CONTENTIONS ON APPEAL

(1) The evidence relating to identification of defendant was insufficient to establish guilt of defendant beyond a reasonable doubt.

(2) Since defendant did not testify, the State's introduction of evidence concerning prior crime by defendant constituted reversible error.

(3) Denial of defendant's request for production of witness' statement to police and police report concerning same, to be used for impeachment purposes, was also prejudicial error.

OPINION

██ ██ (1) We have examined the record on the question of identification, and conclude that there was sufficient testimony, if believed, to support the jury's conclusion that defendant was the man who perpetrated the robbery.

(2) and (3). As to points (2) and (3), as set forth above, the State's Attorney has confessed error, and requested reversal and remandment. Since this calls for exercise of our judicial function, we have been required to examine the record in this regard also. People v. Kelly, 66 Ill App2d 204, 209, 214 NE2d 290.

██ During the State's case in chief, a police officer testified concerning an address to which he had gone in an attempt to locate defendant. Despite an anticipatory objection by defense counsel, the State's Attorney was permitted to ask the witness where he had obtained the address, and the officer responded: "From the Illinois State Parole Office." Objection and motion for a mistrial were overruled.

The inferences to be drawn from this testimony are so patent as to be obviously prejudicial to defendant who did not testify, and who therefore did not open up the question of his prior criminal record as it would relate to his credibility as a witness. We consider this to be sufficient grounds for reversal. See People v. Williams, 72 Ill App2d 96, 102, 218 NE2d 771 and cases there cited.

77

As to point (3), the State's principal witness testified that she had given the police a description of defendant prior to his arrest, and that this statement had been written down by one of the officers. A timely request that this statement be made available to defense counsel for cross-examination and impeachment was denied by the court after objection by the State's Attorney. This also constitutes reversible error. People v. Wolff, 19 Ill2d 318, 327, 167 NE2d 197; People v. Beard, 67 Ill App2d 83, 89, 214 NE2d 577. The fact that the witness had not signed the statement (the point which the trial court apparently considered determinative) is of no consequence. People v. Jolliff, 31 Ill2d 462, 466–467, 202 NE2d 506; People v. Neiman, 30 Ill2d 393, 397, 197 NE2d 8; People v. Williams, 72 Ill App2d 96, 101, 218 NE2d 771.

DECISION

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.