(No. 40348.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOSEPH DANIEL KING, Appellant.

*Opinion filed March 28, 1968.*

ROBERT G. PLATER, of Robinson, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and E. H. PRICE, State's Attorney, of Robinson, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The petitioner, Joseph Daniel King, was convicted of burglary by a jury in January, 1964, in the circuit court of Crawford County and sentenced to the penitentiary for a term of 7 to 14 years. On November 11, 1965, the petitioner filed a petition *pro se* under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) claiming violations of his constitutional rights. The trial court without conducting any hearing denied the petition and King appealed to this court. We deem that the judgment must be reversed and the cause remanded for the appointment of counsel to represent the petitioner on his petition and for such further proceedings as may be found to be appropriate.

When King filed his petition in the trial court he specifically requested that counsel be appointed to represent him, declaring that he was not qualified to represent himself and that he had no funds with which to employ an attorney. On November 29, 1965, the State filed an answer to the petition, which answer submitted general denials to each of the petitioner's allegations. The only reference in the record reflecting the trial court's consideration and disposition of the petition is a docket entry, dated November 30, 1965, which states: "petition examined and prayer of petition is denied."

Although the petitioner pleaded indigency and explicitly applied for the appointment of counsel, the trial court, it appears, did not consider this application and summarily denied the petition. Section 122—4 of our post-conviction statute specifies: "If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." In *People* v. *Hunt,* 39 Ill.2d 107, January Term, 1968, we said: "The Post-Conviction Hearing Act requires the appointment of counsel if the petitioner is without means to procure counsel

and states that he wishes counsel to be appointed. We have recently held that a post-conviction judgment entered in the absence of counsel after a request for counsel had been made could not be permitted to stand. *People* v. *Hayes,* 38 Ill.2d 329, November Term, 1967." Accord: *People* v. *Polansky,* 39 Ill.2d 84, January Term, 1968.

The Post-Conviction Hearing Act contemplates the assistance of an attorney, if requested by an indigent petitioner, to insure that if the petitioner has any constitutional claims of merit they will be properly recognized, developed and articulated in the post-conviction proceedings. This court pertinently and recently observed: "The evident legislative purpose in requiring counsel for the indigent petitioner and permitting amendment of the petition is to provide a means whereby a petitioner with meritorious post-conviction claims will have the assistance of counsel in drafting a legally sufficient petition or amendments thereto. Dismissal of insufficient *pro se* petitions without appointment of counsel, where properly requested, thwarts the legislative purpose  *  *  *." *People* v. *Polansky,* 39 Ill.2d 84, January Term, 1968.

In the light of the foregoing, we do not find it necessary or appropriate to consider the petitioner's allegations that at trial he was deprived of constitutionally assured rights. These protests will be given appropriate attention in the circuit court.

The judgment of the circuit court of Crawford County is reversed and the cause remanded, with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*