THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH DANIEL KING, Defendant-Appellant.

(No. 71-286;

Fifth District—April 18, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Robert W. Whitmer, State's Attorney, of Robinson, (Thomas J. Immell and Fred G. Leach, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

On May 17, 1963, Joseph Daniel King, defendant-petitioner herein, was indicted by a special grand jury in Crawford County, Illinois on a three-count indictment for burglary.

King, hereinafter called the petitioner, was tried to a jury in the Circuit Court of Crawford County on the 14th and 15th of January, 1964. At the conclusion of the People's Case the defendant moved for a directed verdict. The motion was denied by the Court and the defense rested without putting on any evidence. The jury found the petitioner guilty as charged in the indictment. Motion for a new trial was filed on January 29, 1964, and was argued on the 10th of February, 1964. The petitioner was free on bail until the 10th of February hearing. The motion for a new trial was denied and the petitioner was sentenced to confinement in the Illinois State Penitentiary for a period of from seven to fourteen years.

The petitioner, on November 16, 1965, filed a petition for post-conviction relief and asked for appointed counsel. The petition was denied without the appointment of counsel. From that denial the defendant appealed and the Supreme Court in *People v. King*, 39 Ill.2d 295, 235 N.E.2d 585, reversed and remanded requiring the appointment of counsel and further proceedings on the petition. Counsel was appointed and an amended petition was filed. The State answered denying the allegations contained in the defendant's amended petition.

A hearing was had before the Circuit Court of Crawford County on December 27, 1968. After oral arguments on the merits, the post-convic-

tion relief sought by the petitioner was denied. This appeal is brought from the order of the Circuit Court of Crawford County dismissing the petitioner's amended petition for post-conviction relief.

The petitioner presents for review by this Court the following issues. First, whether the trial court violated petitioner's constitutional right to not be compelled to testify. Second, whether the petitioner was denied due process and deprived of his right to a fair trial because of the introduction into evidence of other crimes. Third, whether the defendant was punished for exercising his right to a jury trial. The issues will be considered in the order presented.

The petitioner bases his first argument on the error in the trial court's statement "Well, I think your client is here, he can—he is here to deny it, he can testify". This statement was made by the court in the presence of the jury in overruling defense counsel's objection to a portion of the testimony of Lorance, an alleged accomplice, as hearsay; no objection was made.

■■ There was constitutional error in the court's statement. We then determine whether the statement was sufficiently erroneous to deny the defendant his right to a fair trial. The Constitution of the State of Illinois provided in Section 10 of Article II. "No person shall be compelled in any criminal case to give evidence against himself  *  *  *". This right has been restated in the Illinois Constitution of 1970 as section 10 of Article I. The legislature has also provided in Ill. Rev. Stat., Sec. 155—1 "*  *  * A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be to or upon such neglect". Ill. Rev. Stat., ch. 38, par. 155—1.

Similar provisions are part of the constitutional protections of the Federal law in the 5th and 14th amendments to the Constitution of the United States.

The question presented is controlled by the cases of *Chapman v. California*, 386 U.S. 18, 87 Sup.Ct. 824, 17 L.Ed.2d 705 and *Harrington v. Calif.*, 395 U.S. 250, 80 Sup.Ct. 1726, 23 L.Ed.2d 285. Both cases cite and recognize *Griffith v. Calif.*, 380 U.S. 609, 85 Sup.Ct. 1229, 14 L.Ed. 106, in which it was held there was a constitutional violation when the prosecutor commented to the jury on the accused's failure to testify. The court in *Chapman* states "We granted *certiorari* limited to these questions:

'Where there is a violation of the rule of *Griffith v. Calif.*, 380 U.S. 609 (14 L.Ed.2d 106, 85 Sup.Ct. 1229), (1) can the error be held to be harmless, and (2) if so, was the error harmless in this case?' "

The Supreme Court of the United States then determined at 386 U.S., page 21, "We have no hesitation in saying that the right of these petitioners not to be punished for exercising their Fifth and Fourteenth Amendment right to be silent—expressly created by the Federal Constitution itself—is a federal right which in absence of appropriate congressional action, it is our responsibility to protect by fashioning the necessary rule". The Court then refused to adopt a rule that would hold all federal constitutional errors harmful. Quoting further from the opinion at 386 U.S., p. 22, "We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction".

The rule then set forth by the Court states "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt". (386 U.S., p. 24) The opinion established not only that constitutional error may sometimes be treated as harmless error, but also that the federal standard is to be applied in judging the harmlessness of constitutional error in a State Court. While the *Chapman* opinion did not find that the prosecutor's comment and the judge's interrogation upon the failure of the accused to testify was harmless error, it must be interpreted in the light of the subsequent *Harrington* opinion. In *Chapman*, the court pointed out at 386 U.S. 26, that there was a "reasonably strong 'circumstantial web of evidence' against petitioners", and the Court also pointed out that "it was also a case in which, absent the constitutionally forbidden comments, honest, fair minded jurors might very well have brought in not-guilty verdicts". In that case, the Court referred to the fact that the prosecutor took full advantage of his rights under the California Constitution to comment on the defendant's failure to testify and in addition the trial court charged the jury that it could draw adverse inferences from petitioner's failure to testify.

In *Harrington v. California, supra,* the Court purporting to apply *Chapman,* held harmless the erroneous admission of confessions by two of the accused's accomplices, in a robbery, implicating the accused, where the accused had no opportunity to cross examine the accomplices. The Court held the confessions merely cumulative evidence of the accused's guilt, which had been overwhelmingly established by other evidence. Under *Harrington* constitutional error would appear to be harmless where the other evidence is so great and convincing as to be considered overwhelming. *Fontaine v. California,* 390 U.S. 593, also indicates that where the evidence to sustain the conviction is circumstantial, constitutional error is not harmless.

Here the petitioner has cited *Miller v. People* (1905), 216 Ill. 209, 74 N.E.2d 743. There, in overruling an objection the trial judge, referring to the accused said, "He is here and he can answer for himself in regard to it". No objection was made to the remark and the Supreme Court said (216 Ill. 316); *"In view of the state of the proof in the record,* if objection had been preserved to this remark we should have felt it was our duty to reverse the judgment because of it". (Emphasis supplied.) The case was reversed and remanded on other grounds. That case has never been cited as authority on the question of error in commenting on an accused's right to testify in any other Illinois case, nor has it been considered in the light of the recent United States Supreme Court cases, and more recent Illinois cases dealing with harmless error. The language quoted from that opinion was obviously *dicta.*

■■ In *People v. Acker*, 127 Ill.App.2d 283, 262 N.E.2d 247, a case involving comments by the prosecutor on the defendant's failure to testify, the court therein held the guideline to be whether the prosecutor intended to "call attention" to the defendant's failure to testify. The court's remarks in the instant case were not intended to "call attention" to the defendant's failure to testify. Here the remark was made during the presentation of the State's case, as an isolated instance; it is not a case in which accused's failure to testify was argued to the jury. But more important, under the holdings of the U.S. Supreme Court, here, the evidence which sustains the verdict, is positive and direct and not circumstantial, in fact it is overwhelming. Our review of the record, and consideration of it, in the light of *Chapman* and *Harrington* leads us to the conclusion that the tests of those cases have been met. The error was harmless beyond a reasonable doubt and did not contribute to the verdict.

The petitioner next asserts that he was denied due process and the right to a fair trial because the State introduced evidence of other crimes. Lorance testified as to events prior to the burglary which resulted in this indictment and events subsequent thereto, which both included possible criminal acts such as conspiracy to commit burglary which may have occurred both before and after the actual burglary, possession of stolen property and threatening the witness. Defense counsel objected to the relevance and materiality of this portion of Lorance's testimony. The objections were overruled by the court.

■■ The general rule is that evidence of other crimes is clearly inadmissible. (*People v. Battle*, 24 Ill.2d 592, 182 N.E.2d 713; *People v. Lehman*, 5 Ill.2d 337, 125 N.E.2d 506.) This rule, however, has been qualified and the evidence of other crimes is admissible when the evidence shows motive or intent, identity, absence of mistake or accident or

the existence of a common scheme or design, knowledge. (*People v. Battle, supra; People v. Lehman, supra; People v. Tranowski,* 20 Ill.2d 11, 169 N.E.2d 347; *People v. Brown,* 26 Ill.2d 308, 186 N.E.2d 321.) With regard to the petitioner's other conduct on the evening of the crime, both prior and subsequent to the actual commission of the burglary for which the petitioner is charged, it was admissible as it showed both motive and intent. The testimony of Lorance that the petitioner threatened him, was also relevant because it indicated knowledge of the crime. See *People v. Tranowski, supra.*

■■ Petitioner also objects to the testimony that the defendant was in jail on another offense. The jury was admonished by the court to disregard that testimony. The jury was also advised that the "crime" was a traffic violation. The testimony obviously was not introduced to infer that the petitioner had a disposition to crime or to infer the defendant guilty of the crime charged. We do not consider this a material fact in the conviction. *People v. Berry,* 18 Ill.2d 453, 165 N.E.2d 257. See also *People v. Eickert,* 124 Ill.App.2d 394, 260 N.E.2d 465.

■■■ The petitioner next contends that he has been punished for exercising his right to a jury trial. Petitioner received a sentence of from seven to fourteen years. Gillaspy, another accomplice, pleaded guilty and received a sentence of from one to five years. Lorance, who testified on behalf of the State, received three years probation. Petitioner asserts that the only reason the petitioner received a larger sentence is because he exercised his right to a jury trial. This is refuted by the record, wherein the trial court explained his reasons for the sentence. The court stated that the petitioner was given the larger period because he had prior convictions of serious crimes and appeared to be the ringleader. Petitioner has cited the case of *People v. Steg,* 69 Ill.App.2d 188, 215 N.E.2d 854, for the proposition that a discrepancy in sentencing persons in the same crime is error. The reviewing court in that case reduced the sentence of one defendant to the same duration as the other defendant, when the facts indicated that the planner and instigator of the crime had received the lesser sentence. The court states, "Where there is no basis, either in the records of the individuals involved or in the nature of the participation of such individuals in the crime which would justify a more severe sentence as to one of equal participants in such criminal venture, a sentence which *arbitrarily* imposes a greater punishment or penalty upon one or more of the individuals than another should not be approved". (Emphasis added.) The imposition of different sentences to co-defendants alone does not impeach the sentence. (*People v. Cox,* 119 Ill.App.2d 163, 255 N.E. 208.) The mere fact alone that the petitioner received a greater sentence after a jury trial than did a co-defendant who

pleaded guilty, does not justify the conclusion that the greater sentence was received because of the jury trial. *People v. Sanders,* 129 Ill.App.2d 444, 263 N.E.2d 615.

The denial of the petitioner's post-conviction relief by the Circuit Court of Crawford County is, for the reasons above stated, affirmed.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.