THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE LEE SMITH, Defendant-Appellant.

(No. 72-136;

Fifth District—June 7, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (James Homola, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Richard F. Nash, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from the judgment of the circuit court of St. Clair County which found him guilty, by jury verdict, of the offenses of rape, armed robbery, and attempted murder. He was sentenced to not less than five nor more than ten years for the offenses of armed robbery and attempted murder and not less than 15 nor more than 30 years for the rape. The sentences were to run concurrently.

Prior to trial, the defendant made a motion to suppress from evidence a pistol which had been seized by the police in an alleged illegal search and seizure. Herman Butler, an East St. Louis police officer, testified at the hearing on the motion that he and his partner, Officer Charles Vaughn, were on routine patrol on the night in question. In the early morning hours, at approximately 2:00 A.M., the two officers drove past a parked car. They noticed two feet hanging over the front seat of the car. Although neither Butler nor Vaughn were explicit in this regard, it is evident that they suspected that an illicit act of intercourse, or possibly a rape, might be occurring.

Both officers testified that they got out of their own vehicle and each proceeded to position himself on opposite sides of the suspect car. They asked the occupants, a man and a woman, to get out. As they were getting out, or immediately thereafter, one of the officers, by shining his flashlight into the vehicle, spotted a gun which had been resting at the foot of the defendant while he was in the back seat of the car. While

Officer Vaughn entered the vehicle to seize the firearm, the defendant fled from the scene.

At the end of the hearing on the motion to suppress, the trial judge took the matter under advisement. However, the record fails to reveal any explicit or clear ruling before, or during, trial in regard to the suppression of the gun.

During the trial, both police officers were allowed to testify extensively in regard to the gun, over the strenuous objection of the defense counsel. The gun was subsequently identified, through a ballistics expert, as the weapon which had been used in the shooting and robbery of one Clanthie Green and the rape of his female companion.

Also, during the trial, the State's Attorney twice made reference to the fact that the defendant was charged with murder. The present proceedings charged the defendant only with "attempted" murder.

During the trial, over the objection of the defendant's attorney, the State's Attorney asked Officer Vaughn the following question and received a potentially prejudicial response:

> "State's Attorney: Now, Officer Vaughn, what information did you receive, sir?
>
> Witness: I received information from Detective Tolden that Jimmie Lee Smith was wanted for investigation by our department and for parole violation."

The defense attorney immediately moved for mistrial on the grounds that the mention of previous convictions was inflammatory and prejudicial, particularly in light of the heinous, violent character of the crimes with which the defendant was charged. The court's response was:

> "The court is not going to explain to the jury and the jury will not be told to disregard the statement as to why the police officers were informed to pick up this man."

Defendant contends (1) that the trial court committed reversible error in failing to give a clear ruling before or during trial on his motion to suppress; (2) that the gun was acquired by the police officers in an illegal search and seizure; and (3) that the testimony relating to his parole status seriously prejudiced his defense.

■■ With reference to the first contention, in *People v. Guthrie*, 7 Ill. App.3d 243, 248, 286 N.E.2d 627, the court said at 630:

> "The trial court refused to rule on the pretrial motion when it was argued to trial, but instead reserved rulings until the evidence was offered during the trial. * * * Thus counsel was required to prepare his defense and conduct the trial not knowing whether this crucial bit of evidence was to be admitted. The motion should

have been ruled on prior to trial. See *People v. Pugh*, 133 Ill.App.2d 168, 272 N.E.2d 742."

■■ With reference to the second contention, the record in the instant case fails to reveal a clear ruling on the defendant's motion to suppress. The clearest indication of the court's mind is the fact that the police officers were allowed to testify at trial concerning the gun which they found, over the defendant's continuing objections. Although the trial court should have ruled that the search of the car and the seizure of the gun was legal, it should have made its ruling prior to trial.

■■ With reference to the third contention, we agree with defendant that the mention of his parole violation, particularly in light of the State's Attorney's recurring indication to the jury that the defendant was charged with murder (instead of attempted murder), was prejudicial. The defendant did not testify. In *People v. Pitts*, 1 Ill.App.3d 120, the court said at 123:

> "In *People v. Colston* (1967), 81 Ill.App.2d 75, 225 N.E.2d 801, a case very similar on its facts to the case at bar, the prosecution, during its case in chief, and, after an anticipatory objection by defense counsel had been overruled, elicited testimony from a police officer that he had obtained the defendant's address 'from the Illinois State Parole Office.' The court said at page 77: 'The inferences to be drawn from this testimony are so patent as to be obviously prejudicial to defendant who did not testify, and who therefore did not open up the question of his prior criminal record as it would relate to his credibility as a witness. We consider this to be sufficient grounds for a reversal.'
>
> We agree that the same result must accrue in the instant case.
>
> We wish to emphasize that we weigh heavily the somewhat obvious conduct of the prosecution to elicit inadmissible testimony in the presence of the jury, in spite of the warning to the contrary by the lower court at the pre-trial hearing."

For the foregoing reasons the defendant's convictions are reversed and the cause is remanded for a retrial in conformity with the views expressed herein.

Reversed and remanded.

EBERSPACHER, P. J., and CREBS, J., concur.