THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK WILLIAMS *et al.,* Defendants-Appellants.

(No. 73-147;

Fifth District—March 19, 1975.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mount Vernon and Dale F. Wolff, Law Student, of Champaign, for appellants.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendants, Gaylord Lee and Patrick Williams, appeal from their convictions of armed robbery and robbery, respectively, after a jury trial in Madison County. Lee was sentenced to from 4 to 6 years and Williams to from 1 to 6 years. On appeal, the two defendants contend that they were not proved guilty beyond a reasonable doubt; and that they were prejudiced by immaterial testimony of a police officer and by improper closing argument by the State.

The incident occurred in a house in Alton on December 14, 1972. Five young men were in the house that evening when a knock came at the door. Mike Holliday, one of the occupants of the house, opened the door to Milaus Cyprian and Terry Scott, two codefendants known personally to Holliday. Scott displayed a shotgun and forced Holliday into the kitchen. Defendants Lee and Williams, also armed, entered the house and the other youths present there were forced into the kitchen. The defendants expressed the belief that narcotics were present in the house and demanded them. All the victims denied the presence of drugs. The house was ransacked and some of the victims beaten. A sink was torn from an upstairs bathroom wall. The victims were forced to surrender their wallets, and $80 was taken from one victim. The robbers attempted to tear out the phone but were unsuccessful. Thereafter, the victims' trousers were removed and soaked in water; the robbers left after warn-

ing the victims to remain silent on threat of death. After the robbery, the victims dispersed and the incident was reported to the police by Holliday about 24 hours later. None of the defendants presented evidence in his behalf.

The defendants first contend that the testimony of the four occurrence witnesses who testified was so incredible as to be unworthy of belief. There were numerous inconsistencies in the testimony of the four young men. They involved the time sequence of the events within the home, who entered first, which defendant carried which gun, what demands were made by what defendant, the weather on the particular night, the distance from the home to other points, and whether a fifth, unidentified, robber was involved. There were also discrepancies between particular testimony at trial and previous sworn testimony of the same witnesses given at preliminary hearing. All discrepancies were noted and discussed by the four competent defense attorneys involved. The jury had before it all the information necessary to judge the credibility of the witnesses. The jury also had before it the clear, unshaken, and undisputed testimony from all four witnesses that the four defendants entered the home, that weapons, including a rifle and at least one sawed-off shotgun, were shown and that money was taken from at least one victim against his will. Each witness positively identified all four defendants. Some defendants were known by each witness through association at Alton High School. The evidence establishing the elements of the offense and the identities of the defendants was direct and positive.

Defendants argue that the story that they, known to the victims, would enter this house undisguised, and perpetrate the offense charged, is incredible. We agree. But the evidence is overwhelming that it occurred. The evidence also suggests that the defendants were surprised that people known to them were present. Nor can we explain the delay in reporting the incident to the police. There was evidence that two defendants were better known to the victims than the other two and some indication that the victims did not wish to see them punished. Holliday testified that he "was going to take care of it myself," but later repented this notion and notified the police. But defendants place unfounded reliance on the rape analogy where this court has held that the promptness (or lack thereof) of complaint by the victim is a significant factor in judging her credibility. (*People v. Bain*, 5 Ill.App.3d 632, 283 N.E.2d 701 (1972).) The nature of the two offenses, however, creates the distinction. Rape is by its nature a crime of few witnesses and little direct evidence. In addition, one element, force, is the difference between consensual intercourse and rape. The physical acts them-

selves are often the same. Courts have developed the practice of scrutiny of the victim's actions subsequent to the offense to determine whether the "assault" was made with or without consent. Here, defendants make no claim that the victims willingly gave up money or were not intimidated by the presence of weapons. In addition, the witnesses were of one mind about the operative facts of the incident, corroborating each other as to the elements of armed robbery. That the victims hesitated before pressing charges does not relieve defendants of their responsibility.

■■■ Defendants concede that reviewing courts are reluctant to substitute their judgment of the weight and credibility of evidence for that of the jury. (*People v. Stringer*, 52 Ill.2d 564, 289 N.E.2d 631 (1972); *People v. Mills*, 40 Ill.2d 4, 237 N.E.2d 69 (1968).) The lengthy and unnecessary list of cases cited in appellants' reply brief wherein the supreme court has overturned jury verdicts is not helpful to the court in the case at bar. The evidence presented by the State, clear and uncontradicted in the essential elements, leaves no room for doubt of defendants' guilt.

■■ Appellants next contend that they were prejudiced by the testimony of a police officer. The first witness for the State was Detective John Parker of the Alton Police Department. He identified each defendant by name and gave the age of each defendant. Though none of the defendants objected during his brief testimony, motions were made in chambers at the close of his testimony for exclusion of the evidence or, in the alternative, for a mistrial. All motions were denied. Appellants now contend that since the age of a defendant in an armed robbery case is immaterial, the sole effect of Parker's testimony was to inform the jury that the defendants were known to the police, thus implying prior criminal conduct. Of course, the age of a defendant in a criminal case is not immaterial. Infancy is a defense to all criminal offenses. (Ill. Rev. Stat. 1973, ch. 38, par. 6—1.) And minors under the age of 17 may not be prosecuted for a criminal offense unless certified as adults under the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 702—7.) Therefore, evidence of age is material and relevant in a criminal case. Appellants rely on *People v. Williams*, 72 Ill.App.2d 96, 218 N.E.2d 771 (1966), *People v. Colston*, 81 Ill.App.2d 75, 225 N.E.2d 801 (1967), and this court's opinion in *People v. Smith*, 12 Ill.App.3d 295, 297 N.E.2d 625 (1973). In *Williams*, an officer testified that the defendant was under investigation for a second offense and that the officer had seen defendant's pictures in a "mug" file. In *Colston*, an officer testified he had obtained defendant's address from a parole office; and in *Smith*, this court condemned testimony by a police officer that the defendant was

wanted for a parole violation. These cases, however, are distinguishable from the case at bar. Officer Parker's testimony did not contain the explicit references to past criminal conduct found offensive in the cases cited. Later testimony showed that Parker was the officer to whom the victims directed complaint of the offense. While the record does not contain details of the investigation or arrest, it may be presumed that Parker was involved therein. While we agree with appellants that Parker's testimony was unnecessary, we find that no prejudice resulted because of the brief and innocuous nature of the testimony and the overwhelming evidence of defendants' guilt.

■■ Appellants finally argue that they were prejudiced by improper closing argument by the State. During closing argument the following occurred:

> "Mr. Trone [Assistant State's Attorney]: Now, lets go through the evidence. As I told you in opening statements we would show, number one, the general sequence of events that were shown. I think you recall what the defendants' attorneys stated the evidence would show. I won't go through it but I think you will recall what they said the evidence would show.
>
> Mr. Riley [Defense Counsel for Patrick Williams]: Your Honor, I am going to object to that. That is very improper closing argument.
>
> Mr. Trone: They made opening statements, Your Honor.
>
> Mr. Riley: And it's tantamount—getting darn close to commentting on something that should not be commented on.
>
> The Court: I think we would be better to refrain from that.
>
> Mr. Trone: Okay.
>
> Mr. Riley: I think the jury ought to be instructed to disregard that remark completely. Mr. Trone was smiling and knew it was improper when he did it.
>
> The Court: The jury will be instructed to disregard that remark, the last remarks of Mr. Trone."

Following the court's admonition, counsel for defendant Lee made a motion in chambers for mistrial; the motion was denied. Appellants contend that the remark of the prosecutor was an indirect reference to the defendants' election not to testify and, as such, was improper. It is well settled that a defendant's choice not to testify is an improper subject for comment by the State and may be grounds for reversal if prejudicial. (Ill. Rev. Stat. 1973, ch. 38, par. 155—1; *People v. Mills*, 40 Ill.2d 4, 237 N.E.2d 69 (1968); *People v. Wollenberg*, 37 Ill.2d 480, 229 N.E.2d 490 (1967); *People v. Hopkins*, 124 Ill.App.2d 415, 259 N.E.2d 577 (1970).) We find the instant case distinguishable. The prosecutor's

remark was directed to claims in opening argument by counsel for each defendant that alibi evidence would be presented. Counsel for Williams and Lee gave names of several people who would testify to the whereabouts of each defendant on the night in question. While it is true, as appellants assert, opening argument does not bind a defendant to specific trial strategy (*People v. Fuerback*, 66 Ill.App.2d 452, 214 N.E.2d 330 (1966)), the arguments by defense counsel, both definite and specific, indicated that strong evidence existed that defendants were elsewhere on the night in question. The prosecutor's remark can be construed as a statement that the case was undisputed, which is proper argument. (*People v. Norman*, 28 Ill.2d 77, 190 N.E.2d 819 (1963).) Furthermore, it has been held that prompt objection to argument and subsequent admonition by the trial court may negate prejudice resulting from improper argument. (*People v. Sawyer*, 42 Ill.2d 294, 251 N.E.2d 230 (1969).) Even were we to construe the State's closing argument as an improper comment on defendants' election not to testify, we would not feel compelled to reverse the judgment of the trial court. The evidence against appellants was direct, positive, and uncontradicted and overwhelmingly established their guilt. We find that the comment here assailed, even if improper, did not contribute to the verdict. *People v. King*, 4 Ill.App.3d 942, 282 N.E.2d 252 (1972).

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and EBERSPACHER, J., concur.